UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF NEW YORK

**1:12 -CV- 1021**

**GTS/DRH**

-----------------------------------------------------------------------x

YVONNE W. ALEX

Complaint

Plaintiff,

Jury Trial Demand

-against-

GENERAL ELECTRIC COMPANY; GALE O'GORMAN;
as Human Resources Manager; DIANE VAVRASEK, as
Human Resources Representative/Union Relations Manager;
RICHARD BOSWEL, as Facilitator; MEEGAN SCULLY,
as Facilitator; JOHN JORDAN, as Facilitator; THOMAS
POLUKORT, as Facilitator; JOSH SCANTON, as Operator,
Chip and Grind; WILLIAM CAPRON, as Operator,
Chip and Grind; MICHELE LANOUE, as Operator, Bucket
Assembly; CHRISTOPHER BONIEWSKI, Operator, Bucket
Assembly; MICHAEL TOMASSONE, as D21 Inspector,
Magnetic Particle Testing; LIZBETH GOLAB, as Material
Handler; and COLEY WHITTAKER, as Security Officer,
Each being sued in their individual capacities and their official
capacities as employees' of defendant GENERAL ELECTRIC
COMPANY

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 5 2012

LAWRENCE K. BAERMAN, CLERK
ALBANY

Defendants'

-----------------------------------------------------------------------x

The plaintiff YVONNE W. ALEX by her attorney The Sanders Firm, P.C., as and for her

Complaint against defendants' GENERAL ELECTRIC COMPANY; GALE O'GORMAN;

DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN;

THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE;

CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY

WHITTAKER, respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff

YVONNE W. ALEX, (hereinafter referred to as "plaintiff") who was and is being deprived of her

constitutional, civil and statutory rights as a former employee, as a result of defendants' GENERAL

ELECTRIC COMPANY; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL;

MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM

CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE;

LIZBETH GOLAB; and COLEY WHITTAKER'S gender and race discrimination.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.    Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of gender and race;

      b.    the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of State Law.

2. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Northern District of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4. Plaintiff has filed suit with this Court within the applicable statute of limitations

period.

5.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866.

6.      On or about December 8, 2010, plaintiff sought assistance from the United States Equal Employment Opportunity Commission.

7.      On or about April 2, 2012, plaintiff received a Dismissal and Notice of Right to Sue from the United States Equal Employment Opportunity Commission.

<strong><u>PLAINTIFF</u></strong>

8.      Plaintiff YVONNE W. ALEX is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Schenectady County and is a former employee of defendant GENERAL ELECTRIC COMPANY (hereinafter referred to as the "GE") more specifically GE Energy (hereinafter referred to as the "GE ENERGY"). For the purposes of this litigation, defendant GE may be identified interchangeably using GE or GE ENERGY to identify the employer which is defendant GE.

<strong><u>DEFENDANTS'</u></strong>

9.      Defendant GE was and is a Domestic Business Corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times plaintiff's employer, with its central offices located at 3135 Easton Turnpike Fairfield, Connecticut 06828, and diverse other offices and facilities throughout the world including GE ENERGY located at 1 River Road Schenectady, N.Y. 12345.

10.     Defendants' GALE O'GORMAN; as Human Resources Manager; DIANE VAVRASEK, as Human Resources Representative/Union Relations Manager; RICHARD BOSWEL, as Facilitator; MEEGAN SCULLY, as Facilitator; JOHN JORDAN, as Facilitator;

THOMAS POLUKORT, as Facilitator; JOSH SCANTON, as Operator, Chip and Grind;
WILLIAM CAPRON, as Operator, Chip and Grind; MICHELE LANOUE, as Operator, Bucket
Assembly; CHRISTOPHER BONIEWSKI, Operator, Bucket Assembly; MICHAEL
TOMASSONE, as D21 Inspector, Magnetic Particle Testing; LIZBETH GOLAB, as Material
Handler; and COLEY WHITTAKER, as Security Officer.

## BACKGROUND

11.     Plaintiff is an African-American female and former employee of GE.

12.     Plaintiff alleges that defendant GE through its agents have a long history of
discriminating against African Americans and other employees of color.

13.     Plaintiff alleges that defendant GE through its agents have a long history of
performing flawed and unfair internal investigations whenever African Americans and other
employees of color complain about discrimination in the workplace.

14.     Plaintiff alleges that defendant GE through its agents engage in such biased
behavior because of the decision makers preconceived notions that African American and other
employees of color are incredible, immoral, sexually charged, unchaste and worthy of less-
protection.

15.     Plaintiff alleges that since the beginning of her employment with defendant GE in
1981 at GE ENERGY, she and the other employees of color were treated differently due to their
gender and race.

16.     Plaintiff alleges that throughout her employment, she and the other employees of
color were required to report to Caucasian male employees with fewer credentials, passed over
for positions within GE ENERGY to only be filled by less qualified Caucasian males with fewer
credentials and were paid less.

17.     Plaintiff alleges that since 2008, up until her termination on September 20, 2011, she had to endure a work environment that was permeated with sexually and racially offensive behavior that was carried out by and condoned by the management structure of defendant GE.

18.     Plaintiff alleges that in or around November 1981, she was hired and before her termination held the position of D-21 Inspector within the Steam Turbine COE.

19.     Plaintiff alleges that defendant GE'S Steam Turbine COE is located in Schenectady, N.Y. part of GE ENERGY headquartered in Atlanta, Georgia and is an operating division of defendant GE.

20.     Plaintiff alleges that sometime after July 12, 2006, defendant GE through its Human Resources Department hired former Super Steel employees' defendants' MICHELE LANOUE (Caucasian Female); CHRISTOPHER BONIEWSKI (Caucasian Male); and MICHAEL TOMASSONE (Caucasian Male) despite being implicated engaging in serious racially offensive actions against several African American employees at Super Steel including the posting of offensive articles such as a "Hangman's Noose."

21.     Plaintiff alleges that in or around 2008, "Birther" packages were left on her desk.

22.     Plaintiff alleges that "Birther" refers to an alleged organization of Caucasian United States citizens that call for the "Rebirth of our Constitutional Republic" some refer to them as "purists or racial extremists."

23.     Plaintiff alleges that the focus of the "Birthers" ideology promotes "White Supremacy."

24.     Plaintiff alleges that in or around 2008, decedent Frank Harris (Caucasian Male) was outraged with Judy Bennett (Caucasian Female) because she was supporting the election of then presidential candidate Barack Obama (African Male).

25.     Plaintiff alleges that in or around 2008, she and Judy Bennett observed a "Hangman's Noose" on the floor but, it was immediately removed by defendant JOHN JORDAN (Caucasian Male), a supervisor, but, never reporter it to defendant GE'S Human Resources Department.

26.     Plaintiff alleges that this sort of behavior from decedent Frank Harris continued throughout the rest of 2008.

27.     Plaintiff alleges that in or around May 2009, she complained to defendant GE through its Human Resources Department about racially offensive postings in the workplace, placed by defendant MICHELE LANOUE, decedent Frank Harris and other Caucasian employees.

28.     Plaintiff alleges that defendant MICHELE LANOUE would post depictions of "Miss Piggy" referring to her.

29.     Plaintiff alleges that defendant MICHELE LANOUE and decedent Frank Harris would post depictions of prominent persons of color such as: "First Dog" referring to the First Lady Michelle Obama (African American Female); Supreme Court Justice Sonia Sotomayor (Hispanic Female) with a "Grand Wizard Hat" and a Swastika; "2012 Do Not Re-nig" referencing President Barack Obama (African Male); and a host of other postings referring to persons of color as "terrorists," "Nig," and "Nigger."

30.     Plaintiff alleges that defendant MICHELE LANOUE and decedent Frank Harris would post depictions of firearms, shooting magazines, etc.

31.     Plaintiff alleges that defendant MICHELE LANOUE and decedent Frank Harris would hold up pictures of shooting magazines as she walked past them.

32.     Plaintiff alleges that to protect herself, she began taking pictures of the postings.

33.     Plaintiff alleges that defendant MICHELE LANOUE and decedent Frank Harris complained to defendant GE through its Human Resources Department that she was taking pictures of the workplace.

34.     Plaintiff alleges that in or around June 2009, defendant GE through its Human Resources Department threatened her that she is not to take any other pictures in the workplace.

35.     Plaintiff alleges that defendant GE through its Human Resources Department concluded that such offensive materials were posted in the workplace but, that defendant MICHELE LANOUE and decedent Frank Harris were not specifically targeting her.

36.     Plaintiff alleges that defendant GE through its Human Resources Department condoned such racially offensive behavior and never fully investigated her allegations.

37.     Plaintiff alleges that in or around August 2009, she complained that defendant MICHELE LANOUE continued to harass her by having contact with her in the workplace.

38.     Plaintiff alleges that on or about September 8, 2009, defendant MICHELE LANOUE intentionally operated pass buckets one on stage one and one on stage three in an unsafe manner whereas she had to quickly move to avoid being struck on the head by the blade she was inspecting on the turbine.

39.     Plaintiff alleges that in or around October 2009, she complained to defendant GE through its Human Resources Department that decedent Frank Harris posted depictions of the "First Dog" First Lady Michelle Obama; Supreme Court Justice Sonia Sotomayor in a "Grand Wizard Hat" with a "Swastika;" and some graffiti near her workstation stating "Obama does not want fatties."

40.     Plaintiff alleged that she told defendant GE through its Human Resources Department that she feared for her personal safety demanding that defendant MICHELE LANOUE and decedent Frank Harris be fired.

41.     Plaintiff alleges that on or about October 1, 2009, defendant MICHELE LANOUE and decedent Frank Harris walked around the workplace with a caricature of President Obama on their t-shirt that read "Jerk in the Box."

42.     Plaintiff alleges that on or about October 2, 2009, decedent Frank Harris placed the "Jerk in the Box" caricature on the employees' table in the break area, when he noticed a depiction favoring President Obama, he picked the depiction, wiped his buttocks with the depiction and threw it in the garbage.

43.     Plaintiff alleges that on or about October 13, 2009, as she walked through the work area, defendant MICHELE LANOUE and decedent Frank Harris made pig sounds.

44.     Plaintiff alleges that she observed a picture of a very curvaceous woman (Caucasian or Light Skinned Hispanic Female) wearing a G-String exiting a pool or hot tub an advertisement for "Fat Azz" jeans.

45.     Plaintiff alleges that she gave the depiction to defendant GE through its Human Resources Representative defendant DIANE VAVRASEK (Caucasian Female).

46.     Plaintiff alleges that defendant DIANE VAVRASEK did not initiate any investigation. Nor did she cause any investigation to commence.

47.     Plaintiff alleges that in or around November 2009, defendant GE through its Human Resources Department allegedly suspended both defendant MICHELE LANOUE and decedent Frank Harris for one week, but the suspensions were not in response to their racially offensive behavior.

48.     Plaintiff alleges that defendant GE through its Human Resources Department never asked her for physical evidence to support her allegations.

49.     Plaintiff continued to complain about feeling unsafe in the workplace.

50.     Plaintiff alleges that defendant GE through its Human Resources Department did not take her allegations seriously.

51.     Plaintiff alleges that on or about December 3, 2009, decedent Frank Harris left a "Gun World" subscription card in her work area.

52.     Plaintiff alleges that numerous times between 2009 and 2010, defendant LIZBETH GOLAB (Caucasian Female) would send her anti-immigrant emails from her personal email account including a depiction of a Caucasian Male "Biker Guy" holding a gun with the slogan 'I am a White Gun Owner, Down with Immigrants.'"

53.     Plaintiff alleges that on or about January 11, 2010, she complained to defendant GE through its Human Resources Department that immediately upon sighting her decedent Frank Harris grabbed his crotch signifying "suck my dick" just as he has done numerous times in the past.

54.     Plaintiff alleges that on or about February 23, 2010, she refused to work with defendant MICHELE LANOUE because she feared for her safety.

55.     Plaintiff alleges that in or around February 26, 2010, she was transferred by defendant GE through its Human Resources Department from the Bucket Assembly Area to the Rotor Mag Test Area that resulted in a reduction in her authority and overtime.

56.     Plaintiff alleges that despite her numerous complaints to defendant GE through its Human Resources Department the sexual and racial harassment continued.

57.     Plaintiff alleges that she noticed in and around her work area rifle targets were placed with burn holes in them indicating that a cartridge passed through it.

58.     Plaintiff alleges that some of the targets were used for sighting, while others depicted "Barney" referencing her weight.

59.     Plaintiff alleges that on or about June 22, 2010, defendant MICHELE LANOUE was lying in wait for her in the locker room.

60.     Plaintiff alleges that on or about June 23, 2010, she reported defendant MICHELE LANOUE'S conduct to defendant GE through its Security Department.

61.     Plaintiff alleges that on or about September 13, 2010, while attending a company meeting, she overheard defendant MICHELE LANOUE telling Vincent Fusco and David Barlett "the woman of color, I just want to grab her neck and slam her against the wall" referring to plaintiff.

62.     Plaintiff alleges that on or about September 17, 2010, defendant COLEY WHITTAKER (Caucasian Male) told William Brown (Caucasian Male) and other Caucasian Male employees "remember, you did not see anything" referring to her complaints of sexual harassment and race discrimination.

63.     Plaintiff alleges that on or about November 17, 2010, defendants' MICHELE LANOUE and WILLIAM CAPRON (Caucasian Male) were having a discussion about the race or ethnicity of her, Jeffrey Walton (African American Male) and a Hispanic Female Manager.

64.     Plaintiff alleges that defendant MICHELE LANOUE persuaded defendant WILLIAM CAPRON to tell Jeffrey Walton that he is either a "Spic,' 'Half-Nigger,' or 'Nigger."

65.     Plaintiff alleges that on or about December 16, 2010, defendant RICHARD BOSWELL (Caucasian Male) as a supervisor, created a fraudulent overtime list designed to

inhibit her ability to challenge overtime distributions that were favoring the Caucasian Male employees.

66.     Plaintiff alleges that in or around January 2011, her co-worker Jeffrey Walton had the word "Nigger" scrawled on his locker.

67.     Plaintiff alleges that sometime after, Jeffrey Walton made his own allegations of race discrimination against defendant GE and filed such claims with the New York State Division of Human Rights.

68.     Plaintiff alleges that on or about January 12, 2011, she observed the display of a brown monkey hanging by its blue cape on defendant MICHAEL TOMMASONE'S (Caucasian Male) locker several days before President Obama's visit.

69.     Plaintiff alleges that mysteriously before President Obama's advance team of Secret Service Agents swept the locker area, the brown monkey was removed from defendant MICHAEL TOMMASONE'S locker.

70.     Plaintiff alleges that before this display, defendant MICHAEL TOMMASONE has displayed other depictions of Anti-Obama and Anti-Muslim postings.

71.     Plaintiff alleges that on or about January 12, 2011, defendants' MICHAEL TOMASSONE; CHRISTOPHER BONIEWSKI and JOSH SCRANTON (Caucasian Male) along with others were overheard in a discussion referring to African Americans as "Niggers."

72.     Plaintiff alleges that on or about January 21, 2011, President Obama visited GE ENERGY.

73.     Plaintiff alleges that in or around February 2011, defendant MICHAEL TOMASSONE placed a document in the work area referencing "Are You Smarter Than a 5[th]

Grader?" hosted by Jeff Foxworthy with eleven reasons why you may be a "Racist" or a "Muslim" if you are offended by this document.

74.     Plaintiff alleges that in or around March 2011, Judy Bennett tried to persuade her to drop her complaints of race and gender discrimination.

75.     Plaintiff alleges that on or about May 2, 2011, defendant GALE O'GORMAN (Caucasian Female), a manager, told her that defendant GE through its Human Resources Department will be "restructuring" Inspection after completion, there will be no position to place her.

76.     Plaintiff alleges that on or about June 9, 2011, defendant RICHARD BOSWELL told her that he was going to assign her some "Special Work" aka "Janitorial Work."

77.     Plaintiff alleges that she objected, defendant RICHARD BOSWELL said "I am sick of your bullshit" and quickly advanced towards her backing her into a table.

78.     Plaintiff alleges that on or about June 19, 2011, defendant RICHARD BOSWELL refused to let her work the F-14 Inspection he said "As long as I am here, it ain't going to happen."

79.     Plaintiff alleges that on or about June 29, 2011, she complained to defendant GE through its Security Department that the following depiction was posted on a community bulletin board near a break room: "2012 Don't Re-nig."

80.     Plaintiff alleges that she believes that defendant MICHELE LANOUE placed such posting on the community bulletin board.

81.     Plaintiff alleges that on or about July 14, 2011, she was called into a meeting by defendant GE through its Human Resources Department and met with defendant DIANE VAVRASEK.

82.      Plaintiff alleges that during the meeting, she alleged that defendant DIANE
VAVRASEK told her that she was transferred from the Bucket Assembly Area to the Rotor Mag
Test Area because she complained about "personality conflicts with defendant MICHELE
LANOUE."

83.      Plaintiff alleges that she accused defendant RICHARD BOSWELL and
MEEGAN SCULLY (Caucasian Female) of denying her overtime while approving unlimited
overtime for unqualified Caucasian Male employees.

84.      Plaintiff alleges that while she worked on straight time, these same unqualified
Caucasian Males would be allowed to work the same job on overtime for either time and half or
double time.

85.      Plaintiff alleges that these same Caucasian Males would actually perform no
work, as defendants' RICHARD BOSWELL and MEEGAN SCULLY would allow them to read
the newspaper, surf the internet, one employee was even allowed to operate his own for profit
restaurant business within GE ENERGY.

86.      Plaintiff alleges that defendant GE through its Human Resources Department
never fully investigate any of the aforementioned allegations.

87.      Plaintiff alleges that on or about August 16, 2011, while on her way to work, an
individual believed to be defendant MICHELE LANOUE sped up then suddenly cut off plaintiff
in an attempt to cause her to lose control of the vehicle.

88.      Plaintiff alleges that she reported the incident to the New York State Police.

89.      Plaintiff alleges that because of her complaints, defendant MICHAEL
TOMMASONE told other defendant GE employees "she is a 'troublemaker' and if she keeps
making complaints, she is going to lose her certifications."

90.     Plaintiff alleges that on or about August 25, 2011, defendant RICHARD

BOSWELL read a document during the morning meeting titled: The Latest News Can Certainly

Have This Effect, referencing how calling a suicide hotline may be routed to Pakistan, implying

that Pakistanis would encourage the caller to become a suicide bomber.

91.     Plaintiff alleges that on or about September 2, 2011, defendant RICHARD

BOSWELL read a document during the morning meeting titled: A Marine's Wife Confesses,

referring to how during a twenty-one gun salute of President Obama, the Marines missed,

implying that she is sad because they missed killing him.

92.     Plaintiff alleges that defendant RICHARD BOSWELL read another one entitled:

Apartment on Rent, implying the worth of an "unchaste" woman's vagina for a "short-stay" is

only worth $250 instead of $500, because of "misrepresentations."

93.     Plaintiff alleges that on or about September 20, 2011, she was terminated.

94.     Plaintiff alleges that throughout 2011 before she was terminated, defendant

THOMAS POLUKORT (Caucasian Male) would ask Jeffrey Walton "What is going on with

you, Yvonne (plaintiff) and Judy?  Are you fucking both of them?""

95.     Plaintiff alleges that throughout 2011 before she was terminated, playboy

magazines and pornographic movies and other pornographic materials were openly displayed in

the workplace.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### SEXUAL HARASSMENT
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

96.     Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as

Paragraphs 1 through 95 of Count I of this Complaint.

97.    Plaintiff alleges that defendant GE through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

98.    Plaintiff alleges that as part of its pattern and practice of employment discrimination, defendant' GE through its agents treated her in a manner indicative of gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

99.    Plaintiff alleges that defendant GE knew or should have known about gender discrimination in the workplace because of their prior history of discriminatory conduct against her and other similarly situated individuals.

100.    Plaintiff alleges that defendant GE failed and refused to take appropriate action to end the discriminatory treatment and conditions which she was subjected to, which was clearly motivated by gender discrimination.

101.    Plaintiff alleges that as a result of the discriminatory acts of defendant GE through its agents, she suffered depression and anxiety.

102.    Plaintiff alleges that defendant GE acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at her and continued from in or around 2008, through her termination.

103.    Plaintiff alleges that as a result of the acts of defendant GE through its agents under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## RACE DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

104.    Plaintiff re-alleges Paragraphs 1 through 103 and incorporates them by reference as Paragraphs 1 through 103 of Count II of this Complaint.

105.    Plaintiff alleges that defendant GE through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of her race.

106.    Plaintiff alleges that as part of its pattern and practice of employment discrimination, defendant' GE through its agents treated her in a manner indicative of race discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

107.    Plaintiff alleges that defendant GE knew or should have known about race discrimination in the workplace because of their prior history of discriminatory conduct against her and other similarly situated individuals.

108.    Plaintiff alleges that defendant GE failed and refused to take appropriate action to end the discriminatory treatment and conditions which she was subjected to, which was clearly motivated by race discrimination.

109.    Plaintiff alleges that as a result of the discriminatory acts of defendant GE through its agents, she suffered depression and anxiety.

110.    Plaintiff alleges that Defendant GE acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at her and continued from in or around 2008, through her termination.

111.    Plaintiff alleges that as a result of the acts of defendant GE through its agents

under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT III**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

112.    Plaintiff re-alleges Paragraphs 1 through 111 and incorporates them by reference as Paragraphs 1 through 111 of Count III of this Complaint.

113.    Plaintiff alleges that defendant GE through its agents engaged in various retaliatory actions against her as a result of her opposition to sexual harassment and race discrimination and as a result of her filing such complaints with defendant GE and the EEOC.

114.    Plaintiff alleges that as a result of the illegal acts of defendant GE through its agents, she suffered depression, anxiety and loss of job opportunities.

**COUNT IV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

115.    Plaintiff re-alleges Paragraphs 1 through 114 and incorporates them by reference as Paragraphs 1 through 114 of Count IV of this Complaint.

116.    Plaintiff alleges that defendant GE through its agents engaged in various severe and hostile actions towards her as a result of her opposition to sexual harassment and race discrimination and as a result of her filing such complaints with defendant GE and the EEOC.

117.    Plaintiff alleges that as a result of the severe and hostile acts of the defendant GE through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT V
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

118.    Plaintiff re-alleges Paragraphs 1 through 117 and incorporates them by reference as Paragraphs 1 through 117 of Count V of this Complaint.

119.    Plaintiff alleges that by the aforesaid discriminatory acts and omissions of defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER acting individually and in their official capacities as employers and/or employees of defendant GE intentionally interfered with her right to enforce contracts under the color of state law because of her race.

120.    Plaintiff alleges that the purpose of defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

121.    Plaintiff alleges that pursuant to their conduct, defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

122.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil

rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VI
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

123.    Plaintiff re-alleges Paragraphs 1 through 122 and incorporates them by reference as

Paragraphs 1 through 122 of Count VI of this Complaint.

124.    Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK;

RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH

SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI;

MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER engaged in various

retaliatory actions against her acting individually and in their official capacities as employers and

or employees of defendant GE as a result of her opposition to race discrimination.

125.    Plaintiff alleges that the purpose of defendants' GE; GALE O'GORMAN; DIANE

VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS

POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE;

CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY

WHITTAKER in so acting was to prevent her, through economic and psychological

intimidation, from seeking the equal protection of the laws.

126.    Plaintiff alleges that pursuant to their conduct defendants' GE; GALE

O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN

JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE

LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB;

and COLEY WHITTAKER acted to deprive her of her civil rights, by repeated and insidious

acts of harassment, intimidation, bad faith and threats.

127. Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

**COUNT VII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

128. Plaintiff re-alleges Paragraphs 1 through 127 and incorporates them by reference as Paragraphs 1 through 127 of Count VII of this Complaint.

129. Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER engaged in various severe and hostile actions against her acting individually and in their official capacities as employers and or employees of defendant GE as a result of her opposition to race discrimination.

130. Plaintiff alleges that the purpose of defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

131. Plaintiff alleges that pursuant to their conduct, defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB;

and COLEY WHITTAKER acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

132.   Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

**COUNT VIII**
**SEXUAL HARASSMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

133.   Plaintiff re-alleges Paragraphs 1 through 132 and incorporates them by reference as Paragraphs 1 through 132 of Count VIII of this Complaint.

134.   Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

135.   Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER discriminated against her because of her gender.

136.   Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER, she suffered the indignity of gender discrimination and great humiliation.

137.   Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK;

RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH

SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI;

MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER'S violations

caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT IX**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

138.   Plaintiff re-alleges Paragraphs 1 through 137 and incorporates them by reference

as Paragraphs 1 through 137 of Count IX of this Complaint.

139.   Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their race.

140.   Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK;

RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH

SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI;

MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER discriminated

against her because of her race.

141.   Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL;

MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM

CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE;

LIZBETH GOLAB; and COLEY WHITTAKER, she suffered the indignity of race

discrimination and great humiliation.

142.   Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK;

RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

143.    Plaintiff re-alleges Paragraphs 1 through 142 and incorporates them by reference as Paragraphs 1 through 142 of Count X of this Complaint.

144.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender and/or race.

145.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

146.    Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER engaged in various retaliatory actions against her as a result of her opposition to sexual harassment and race discrimination and as a result of her filing such complaints with defendant GE and the EEOC.

147.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE;

LIZBETH GOLAB; and COLEY WHITTAKER, she suffered the indignity of sexual harassment and race discrimination and great humiliation.

148.   Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

149.   Plaintiff re-alleges Paragraphs 1 through 148 and incorporates them by reference as Paragraphs 1 through 148 of Count XI of this Complaint.

150.   Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender and/or race.

151.   Plaintiff alleges that the law also makes it unlawful to create an atmosphere where gender and/or race discrimination and/or retaliation are encouraged and/or tolerated.

152.   Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER engaged in various hostile actions against her as a result of her opposition to sexual harassment and race discrimination and as a result of her filing such complaints with defendant GE and the EEOC.

153.   Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER, she suffered the indignity of sexual harassment and race discrimination and great humiliation.

154.    Plaintiff alleges that defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON; MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH GOLAB; and COLEY WHITTAKER'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

155.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from

defendants' GE; GALE O'GORMAN; DIANE VAVRASEK; RICHARD BOSWEL; MEEGAN

SCULLY; JOHN JORDAN; THOMAS POLUKORT; JOSH SCANTON; WILLIAM CAPRON;

MICHELE LANOUE; CHRISTOPHER BONIEWSKI; MICHAEL TOMASSONE; LIZBETH

GOLAB; and COLEY WHITTAKER in the amount of $50 million dollars, plus any and all

available statutory remedies, both legal and equitable, and interests and costs.

Dated:  June 22, 2012
        New York, NY

Respectfully submitted,

By: _____
      Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)
Website: http://www.thesandersfirmpc.com
Twitter: https://twitter.com/#!/SandersFirmPC
Facebook Fan Page: http://goo.gl/8FbJA
Google Plus Brand Page:  http://goo.gl/Qy7OG