UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

YVONNE W. ALEX,
       Plaintiff,

v.                 1:12-CV-1021
                 (GTS/CFH)
GENERAL ELECTRIC CO., *et al.*,
       Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| THE SANDERS FIRM, PC<br> Counsel for Plaintiff<br>1140 Avenue of the Americas, 9th Floor<br>New York, NY 10036 | ERIC SANDERS, ESQ. |
| NIXON PEABODY LLP<br> Counsel for Management Defendants<br>677 Broadway, 10th Floor<br>Albany, NY 12207 | JOHN E. HIGGINS, ESQ. |
| McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.<br> Counsel for Hourly Defendants<br>677 Broadway<br>Albany, NY 12207-2503 | GLEN P. DOHERTY, ESQ. |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

    Currently before the Court, in this employment discrimination action filed by Yvonne W. Alex ("Plaintiff") against General Electric Company and thirteen of its employees, are the following two motions: (1) a motion for reconsideration filed by Defendant Michele Lanoue (Dkt. No. 49); and (2) a motion for reconsideration filed by Plaintiff (Dkt. No. 57). For the reasons set forth below, Defendant Lanoue's motion for reconsideration is granted in part and denied in part; and Plaintiff's motion for reconsideration is denied.

## I. DEFENDANT LANOUE'S MOTION FOR RECONSIDERATION

Generally, in support of her motion for reconsideration, Defendant Lanoue asserts the following two arguments: (1) Plaintiff's claims of hostile work environment and sexual harassment against Defendant Lanoue under N.Y. Executive Law § 296 must be dismissed to correct a clear error of law, because (a) there can be no such claims against a non-supervisory co-worker such as Lanoue without a valid primary claim under that statute, and (b) there is no such valid primary claim under that statute; and (2) Plaintiff's claim of hostile work environment against Defendant Lanoue under 42 U.S.C. § 1981 must be dismissed to correct a clear error of law, because (a) the Court has dismissed this claim against all the other Defendants, and (b) if Lanoue's conduct–even when combined with the other Defendants' conduct–was not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, then her conduct alone could not be so severe or pervasive. (Dkt. No. 49, Attach. 2.)

Generally, in opposition to Defendant Lanoue's motion, Plaintiff requests that the Court deny Defendant Lanoue's motion. (Dkt. No. 57, Attach. 2, at 9-10 [attaching pages "6" and "7" of brief]; Dkt. No. 57, at ¶ 6.)

Generally, in reply to Plaintiff's opposition, Defendant Lanoue argues that, because Plaintiff has failed to specifically respond to her arguments in support of her motion for reconsideration, she has consented to those arguments under Local Rule 7.1(b)(3). (Dkt. No. 60, at 6-8 [attaching pages "3" through "5" of brief].) This argument was also asserted by the remaining Hourly Defendants, as well as by the Management Defendants. (*Id.*; Dkt. No. 58, at 6, 11-12 [attaching pages "4," "9" and "10" of brief].)

After carefully considering the matter, the Court grants in part, and denies in part, Defendant Lanoue's motion.

More specifically, with regard to Plaintiff's hostile-work-environment claim and sexual-harassment claim against Defendant Lanoue under N.Y. Executive Law § 296, the Court agrees that those claims should be dismissed for the reasons offered by Defendants in their memoranda of law. (Dkt. No. 49, Attach. 2; Dkt. No. 60, at 6-8; Dkt. No. 58, at 6, 11-12.) The Court would add only the following analysis.

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b) (3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at * 1, n.1 (N.D.N.Y.Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y. Aug.7, 2009) (Suddaby, J.) (collecting cases). Here, at the very least, Defendant Lanoue has met that modest burden with regard to her first argument.

Although the Second Circuit has not definitively addressed the issue of whether an individual can aid and abet his/her own conduct for purposes of a hostile-work-environment claim under N.Y. Executive Law § 296, it appears that the majority of district court cases to have addressed the issue have answered that question in the negative. *See, e.g., Evanoff v. New York*

*State*, 12-CV-0726, 2013 WL 6181853, at *6 (W.D.N.Y. Nov. 25, 2013); *White v. Pacifica Found.*, 11-CV-2192, 2013 WL 5288851, at *11 (S.D.N.Y., Sept. 19, 2013); *DeJohn v. Wal-Mart Stores East*, LP, 09-CV-1315, 2012 WL 3679204, at *16 (N.D.N.Y. Aug. 17, 2012) (McCurn, J.); *Reid v. Ingerman Smith LLP*, 876 F. Supp.2d 176, 186 (E.D.N.Y. 2012); *Ranieri v. McCarey*, 712 F. Supp.2d 271, 282 (S.D.N.Y. 2010); *JGIII v. Cord*, 08-CV-5668, 2009 WL 2986640, at *12, n.5 (S.D.N.Y. Sept. 17, 2009); *Virola v. XO Commc'ns, Inc.*, 05-CV-5056, 2008 WL 1766601, at *20 (E.D.N.Y. Apr. 15, 2008); *Jordan v. Cayuga County*, 01-CV-1037, 2004 WL 437459, at *4 (N.D.N.Y. Feb. 9, 2004) (Scullin, J.); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp.2d 670, 677 n.1 (S.D.N.Y. 2001); *DeWitt v. Lieberman*, 48 F. Supp.2d 280, 294 (E.D.N.Y.1999); *Hicks v. IBM*, 44 F. Supp.2d 593, 600 (S.D.N.Y. 1999); *Rivera v. Prud. Ins. Co. of Am.*, 95-CV-0829, 1996 WL 637555, at *13 (N.D.N.Y. Oct. 21, 1996) (McAvoy, C.J.); *McIlwain v. Korbean Int'l Inv. Corp.*, 896 F. Supp. 1373, 1383 (S.D.N.Y. 1995); *Falbaum v. Pomerantz*, 891 F. Supp. 986 (S.D.N.Y.1995); *Strauss v. N.Y. State Dep't of Educ.*, 26 A.D.3d 67, 73 (N.Y. App. Div., 3d Dep't 2005).[1]

However, with regard to Plaintiff's hostile-work-environment claim against Defendant Lanoue under 42 U.S.C. § 1981, the Court reaches a different conclusion. The Court dismissed that claim against the other Defendants in their individual capacities (despite the fact that the Court had permitted that claim to proceed against Defendant Lanoue) essentially for two

---

[1] The Court does not construe Second Circuit's decision in *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1988), as mandating a contrary conclusion. In that case, the Second Circuit found merely that it was sufficient under N.Y. Executive Law § 296(6) to allege that three individual defendants assaulted the plaintiff (thus creating a hostile work environment), presumably because each had aided and abetted his two fellow defendants' violations. *Tomka*, 66 F.3d at 1317. Here, only one individual defendant (Lanoue) allegedly committed the violation.

reasons: (1) based on Plaintiff's factual allegations, the other Hourly Employees neither created a hostile work environment nor directly participated in Lanoue's creation of a hostile work environment; and (2) based on Plaintiff's factual allegations and the admissible record evidence, the Management Employees were not personally involved in the creation of a hostile work environment and there was no specific basis for imputing Lanoue's conduct to them (e.g., they did not fail to provide a reasonable avenue for complaint or take appropriate remedial action based on the facts that they knew or reasonably should have known). (Dkt. No. 48, at 6, 9, 11-12, 27-34, 62.)

As a result, the Court interprets the five cases cited by Defendant Lanoue on pages 7 and 8 of her memorandum of law as distinguishable from the current case. More analogous cases appear to be cases in which courts have construed Section 1981 hostile-work-environment claims against employers as distinct from such claims against employees in their individual capacities (e.g., containing different elements). *See, e.g., Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 72-75 (2d Cir. 2000); *Moore v. Metro. Trans. Autho.*, 07-CV-3561, 2013 WL 7759749, at *20-22 (S.D.N.Y. Aug. 22, 2013); *Turley v. ISG Lackawanna, Inc.*, 960 F. Supp.2d 425, 440 (W.D.N.Y. 2013). While the circumstance appear to be rare in which no Section 1981 hostile-work-environment claim exists against an employer but such a claim exists against a co-worker, the Court does not understand such a circumstance to be impossible. However, in the interest of thoroughness, Defendant Lanoue is granted leave to rebrief this issue on a motion under Fed. R. Civ. P. 12(b)(6) and/or 56, at the close of discovery.

For all of these reasons, Defendant Lanoue's motion for reconsideration is granted in part and denied in part.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

Generally, in support of her motion for reconsideration, Plaintiff asserts the following three arguments: (1) the Court committed clear error in applying the pleading standard governing motions to dismiss for failure to state a claim, by requiring specificity and/or evidence rather than mere plausibility, thus impermissibly imposing a "heightened pleading requirement"; (2) the Court committed clear error by impermissibly engaging in fact-finding, unfairly denying Plaintiff the opportunity to conduct limited discovery, and "referring to Rule 12(d)" but only *partially* converting Defendants' motions to dismiss for failure to state a claim into motions for summary judgment; and (3) Counts II through XI of Plaintiff's Complaint should have survived Defendants' motions for the reasons stated in Plaintiff's previously filed memorandum of law. (Dkt. No. 57, Attach. 2.)

Generally, in opposition to Plaintiff's motion for reconsideration, the Management Defendants assert the following four arguments: (1) Plaintiff's motion for reconsideration is untimely because (a) it was not filed within 14 days of the Court's decision and order (as required by Local Rule 7.1[g]), (b) it seeks relief that is broader than, and thus does not compete with, the narrow relief sought in Defendant Lanoue's motion so as to disqualify it from being a cross-motion that is entitled to be filed with opposition papers (under Local Rule 7.1[c]), and (c) in any event, it was filed one day after the filing-deadline extension granted by the Court for such a cross-motion; (2) in the alternative, Plaintiff's untimely motion is substantively without merit, because it does not satisfy any of the three circumstances justifying reconsideration in the Second Circuit, but improperly attempts merely to relitigate issues already decided by attempting to incorporate by reference arguments previously made by Plaintiff in her "previous

6

memorandum of law"; (3) moreover, Plaintiff's motion improperly includes legal argument in an affidavit (in violation of Local Rule 7.1[a][2]); and (4) Plaintiff's motion is so vexatious and/or frivolous that she and/or her counsel should be sanctioned or disciplined under Local Rule 7.1(i). (Dkt. No. 58.)

Similarly, in opposition to Plaintiff's motion for reconsideration, the Hourly Defendants assert the following two arguments: (1) Plaintiff's motion for reconsideration is untimely; and (2) in any event, Plaintiff's untimely motion does not meet the reconsideration standard, but improperly attempts merely to relitigate issues already decided. (Dkt. No. 60.)

After carefully considering the matter, the Court denies Plaintiff's motion for each of the reasons offered by Defendants in their opposition memoranda of law. (Dkt. Nos. 58, 60.) The Court would add only two brief points.

First, Plaintiff is mistaken that the Court, in applying the pleading standard governing motions to dismiss for failure to state a claim, required specificity and/or evidence. The Court did not require specificity or evidence. Rather, the Court required *factual* allegations (more specifically, sufficient factual allegations to render Plaintiff's claim plausible). Such factual allegations are how a pleader satisfies Fed. R. Civ. P. 8(a)(2)'s requirement of a "*showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).[2]

---

[2] It is worth noting that the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 212, n.17 (N.D.N.Y. 2008) (McAvoy, J.) (citing Supreme Court cases). Such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 212, n.18 (N.D.N.Y. 2008) (McAvoy, J.) (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).

Indeed, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court expressly stated that a pleading must contain at least "some *factual* allegation[s]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007) (emphasis added). More specifically, the Supreme Court explained the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]." *Twombly*, 550 U.S. at 555. Two years after giving that explanation, the Supreme Court repeated that "[a] claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

Second, contrary to Plaintiff's argument, the Court never relied on, or even expressly "referr[ed]" to, Fed. R. Civ. P. 12(d) in its Decision and Order of March 31, 2014. (*See generally* Dkt. No. 48.) This is because the Court recognized that (1) certain matters outside of the four corners of a complaint may indeed be considered on a motion to dismiss for failure to state a claim, and (2) in any event, Defendants expressly moved for summary judgment in the alternative. Furthermore, even if the Court did rely on Fed. R. Civ. P. 12(d), Plaintiff is mistaken that a district court cannot *partially* convert a motion to dismiss to a motion for summary judgment. *See, e.g., Ivar v. Elk River Partners, LLC*, 09-CV-0453, 2010 WL 331915, at *1-2 (D. Colo. Jan. 27, 2010); *Jenkins v. Nat'l R.R. Passenger Corp.*, 07-CV-3427, 2008 WL 68685, at *7, n.8 (N.D. Ill. Jan. 3, 2008).

For all of these reasons, Plaintiff's motion for reconsideration is denied. While the Court agrees with the Management Defendants that Plaintiff's motion borders on the frivolous, the Court will not issue sanctions at this time, only a caution to Plaintiff's counsel.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Lanoue's motion for reconsideration (Dkt. No. 49) is **GRANTED** **in part** such that Plaintiff's claims of hostile work environment and sexual harassment against Defendant Lanoue under Executive Law § 296 are **DISMISSED**, but Defendant Lanou's motion for reconsideration is **otherwise DENIED**; and it is further

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 57) is **DENIED**.

This case is referred back to Magistrate Judge Christian F. Hummel for the setting of pretrial scheduling deadlines.

Dated: June 4, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge